IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SPECIALTY CONTRACTING, INC., JONATHON GOOD, and SHANNON GOOD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 18-CV-987-NJR-RJD<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On October 12, 2018, Defendants Jonathon Good and Shannon Good informed the Court that, on September 25, 2018, they filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Illinois (Doc. 21). The Court subsequently ordered all parties to brief the issue of the automatic bankruptcy stay, 11 U.S.C. § 362, and whether this case should be stayed completely or only as to the Good Defendants (Doc. 22).

On October 26, 2018, Plaintiff filed a response (Doc. 23). Plaintiff argues that, under the plain language of the statute, the stay should only apply to the Good Defendants (*Id*.). Plaintiff asks that the case continue against Defendant Specialty Contracting, Inc. (*Id*.). Counsel for Defendants did not file a response.

The clear language of Section 362(a)(1) extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-debtor defendants.

11 U.S.C.A. § 362; *see Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983); *see also In re Koop*, No. 00 B 24471, 2002 WL 1046700, at *3 (Bankr. N.D. Ill. May 23, 2002) ("The automatic stay is designed to provide the debtor with a respite and preserve the assets of the estate for the benefit of the creditors; it is not designed to afford collateral benefits to non-debtor parties involved in litigation with the debtor.").

There are exceptions, however, to the general rule. *See In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991); *Matter of James Wilson Assoc.*, 965 F.2d 160, 170 (7th Cir. 1992) (holding that automatic stay does not operate in favor of nonbankrupt codefendants, but that there may be an exception where bankrupt defendant is an indispensable party). The Seventh Circuit is among the many circuits that have recognized the following two exceptions: (1) where there is such identity between the debtor and third-party defendant where a judgment against the third-party defendant will in effect be a judgment against the debtor, and (2) where the pending litigation, though not brought against the debtor, would cause the debtor irreparable harm. *In re Fernstrom*, 938 F.2d at 736 (citations omitted). Application of these exceptions is rare and is reserved for "unusual circumstances." 2 Bankruptcy Litigation § 12:13; *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

No one has argued that any exception applies here. In fact, Defendants did not even respond to the Court's October 15th Order, despite being ordered to respond. Thus, the Court sees no reason to extend the bankruptcy stay to Defendant Specialty Contracting, Inc. *See, e.g., 555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 721-22 (N.D. Ill. 1998) (district court refused to extend the automatic stay, in part because debtor

did not request a stay and Bankruptcy Court did not order a stay, noting they are in a better position to determine whether a stay is necessary).

Accordingly, the case is **STAYED** as to the Good Defendants **only**, pending the resolution of the bankruptcy proceeding. Plaintiff and the Good Defendants are **DIRECTED** to provide a status report on or before **September 27, 2019**, advising the Court as to any developments in the bankruptcy case and whether the stay should be continued or terminated at that time. Plaintiff and the Good Defendants shall notify the Court when the bankruptcy proceeding is completed. **This case will proceed as to Defendant Specialty Contracting, Inc**.

IT IS SO ORDERED.

DATED:   March 27, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**